# EXHIBIT A

NAPOLI BERN RIPKA SHKOLNIK, LLP
Katherine E. Mayo, Esq.
NJ Attorney ID Number 096902013
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

*# 141 594*

RECEIVED / FILED
Superior Court of New Jersey

RECEIVED / FILED
Superior Court of New Jersey
CIVIL CASE MANAGEMENT
UNION COUNTY MAY 0 6 2015

CIVIL CASE MANAGEMENT
UNION COUNTY

---

LUIS ALVAREZ, SANTO BARRACO, ARTHUR
CAPONE, FRED G. CASSEL, KEITH J. CASTALDO,
MICHAEL CONOSHENTI, FRANK CORNACCHIO,
DENNIS COSTELLO, MICHAEL DICOSMO,
GREGG HENNINGS, STEPHEN HESS, DANIEL P.
HIGGINS, JAMES M. HIGGINS, JAMES P.
HIGGINS, ALFREDO IRIZARRY, MICHAEL
JEFFREY, FREDERICK JULIANO, JOSEPH
LAMORTE, ROBERT LEWIS, STEVE
MCCONLOGUE, BRIAN MCGOVERN, STEVEN
MAFFEI, ROBERT MALONE, STEVEN MONCUR,
PHILLIP MORRIS, EDWARD J. NICHOLSON, JR.,
RICHARD ORIS, JOHN S. RICE, MICHAEL
SABOL, JOHN L. TANZER, ROBERT J.
TAORMINA,  JUAN TAPIA, KENNETH TRAPP,
ROBERT YANKEVICZ,

                                        *Plaintiffs,*

*1574*

-*against* -

AMERICAN LAFRANCE, LLC, d/b/a
AMERICAN LAFRANCE-LTI and/or
AMERICAN LAFRANCE AERIALS, FEDERAL
SIGNAL CORP., KOVATCH MOBILE EQUIPMENT
CORP., MACK TRUCKS, INC., PIERCE
MANUFACTURING, INC., SEAGRAVE FIRE
APPARATUS LLC, JOHN DOES 1-10,

                                        *Defendants.*

SUPERIOR COURT OF NEW
JERSEY, UNION COUNTY,
LAW DIVISION

DOCKET No.:

*CIVIL* 1574 15

CIVIL ACTION

**COMPLAINT AND
JURY DEMAND**

JURY

*Product Liability*

---

Plaintiffs Luis Alvarez, Santo Barraco, Arthur Capone, Fred G. Cassel, Keith J. Castaldo,

Michael Conoshenti, Frank Cornacchio, Dennis Costello, Michael DiCosmo, Gregg Hennings,

Stephen Hess, Daniel P. Higgins, James M. Higgins, James P. Higgins, Alfredo Irizarry, Michael

COMPUTER
MAY 0 6 2015
SECTION

Jeffrey, Frederick Juliano, Joseph LaMorte, Robert Lewis, Steve McConlogue, Brian McGovern,

Steven Maffei, Robert Malone, Steven Moncur, Phillip Morris, Edward J. Nicholson, Jr., Richard

Oris, John S. Rice, Micheal Sabol, John L. Tanzer, Robert J. Taormina, Juan Tapia, Kenneth

Trapp and Robert Yankevicz, (hereinafter "Plaintiffs"), by and through their attorneys, bring this

action against American LaFrance, LLC, d/b/a American LaFrance-LTI and/or American

LaFrance Aerials; Federal Signal Corporation; Kovatch Mobile Equipment Corporation; Mack

Trucks, Inc.; Pierce Manufacturing, Inc.; Seagrave Fire Apparatus LLC, John Does 1-10,

(hereinafter "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Repeated exposure to intense noise emitted from sirens manufactured by

Defendant Federal Signal Corporation ("Federal Signal") has caused the Plaintiffs to suffer

permanent hearing loss.

2.      Defendant Federal Signal Corporation manufactured, sold, marketed, distributed,

designed or otherwise placed into the stream of commerce as its own products, the "Q-Siren"

(and sub-models thereof) and the "e-Q2B" (hereinafter collectively referred to as "sirens" or "the

Product") for use in fire apparatus, including but not limited to, pump trucks, ladder trucks,

paramedic vehicles, hook and ladders and other vehicles used by the Fire Departments that

employed the Plaintiffs.

3.      Defendants American LaFrance, LLC, d/b/a American LaFrance-LTI and/or

American LaFrance Aerials ("ALF"); Kovatch Mobile Equipment Corporation ("KME"); Mack

Trucks, Inc. ("Mack"); Pierce Manufacturing, Inc.("Pierce"); Seagrave Fire Apparatus LLC

("Seagrave") and John Does 1-10 (persons or entities whose identity is as yet unknown to the

Plaintiffs), manufactured, sold, marketed, distributed, designed or otherwise placed into the

stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses (sometimes referred to as "the Product").

4.      Plaintiffs were required to ride the aforementioned equipment to the scene of fires and other emergencies, thereby exposing the Plaintiffs to loud and excessive noise levels.

5.      The sirens at issue emit intense noise at levels which, over time, are capable of causing permanent injury to human hearing. The aforesaid sirens also emit high intensity sounds within a narrow frequency range which cause permanent injury to human hearing.

## THE PARTIES

6.      Plaintiff, Luis A. Alvarez, is an adult individual residing at 142 East Clay Avenue, Roselle Park, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1969 through 1991.

7.      Plaintiff, Santo S. Barraco, is an adult individual residing at 15 Country Club Drive, Ringoes, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1991.

8.      Plaintiff, Arthur Capone, is an adult individual residing at 820 Gilmores Island Road, Toms River, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1988 through 2011.

9.      Plaintiff, Fred G. Cassel, is an adult individual residing at 352 Amherst Road, Linden, New Jersey, who has been employed by the Linden Fire Department since approximately 1988.

10.     Plaintiff, Fred G. Castaldo, is an adult individual residing at 29 East 38th Street, Bayonne, New Jersey, who has been employed by the City of Bayonne Fire Department since approximately 1992.

11.     Plaintiff, Michael Conoshenti, is an adult individual residing at 3 Suburban Road, Clark, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1992.

12.     Plaintiff, Frank Cornacchio, is an adult individual residing at 542 Greene Avenue, Belford, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1991 through 2011.

13.     Plaintiff, Dennis Costello, is an adult individual residing at 303 Clinton Street, Linden, New Jersey, who was employed by the Linden Fire Department.

14.     Plaintiff, Michael DiCosmo, is an adult individual residing at 319 Old Grove Road, Mountainside, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1991.

15.     Plaintiff, Gregg J. Hennings, is an adult individual residing at 3 Westminster Drive, Jackson, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1986.

16.     Plaintiff, Stephen F. Hess, is an adult individual residing at 128 Tinsman Road, Frenchtown, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1978 through 2006.

17.     Plaintiff, Daniel P. Higgins, is an adult individual residing at P.O. Box 2786, Branchville, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1973 through 1996.

18.     Plaintiff, James M. Higgins, is an adult individual residing at 90 Western Boulevard, Gillette, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1997.

3

19.     Plaintiff, James P. Higgins, is an adult individual residing at 209 Apple Tree Lane, Mountainside, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1969 through 2001.

20.     Plaintiff, Alfredo Irizarry, is an adult individual residing at 9 Enclosure Drive, Morganville, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1985.

21.     Plaintiff, Michael Jeffrey, is an adult individual residing at 242 Raritan Boulevard, Cliffwood Beach, New Jersey, who has been employed by the City of Elizabeth Fire Department from approximately 1981 through 2006.

22.     Plaintiff, Frederic, Juliano, is an adult individual residing at 103 Wentz Avenue, Springfield, New Jersey, was employed by the Township of Union Fire Department.

23.     Plaintiff, Robert M. Lewis, is an adult individual residing at 306 East Pleasant Grove Road, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1983.

24.     Plaintiff, Joseph LaMorte, is an adult individual residing at 7 Linberger Drive, Bridgewater, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1991.

25.     Plaintiff, Steve A. McConlogne, is an adult individual residing at 3 Riker Bend Court, Barnegat, New Jersey, has been employed by the City of Elizabeth Fire Department since approximately 1999.

26.     Plaintiff, Brian P. McGovern, is an adult individual residing at 9 Clinton Place, Cranford, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1995.

4

27.     Plaintiff, Steven L. Maffei, is an adult individual residing at 18 Long Valley Road, Lodi, New Jersey, who was employed by the Village of Ridgewood Fire Department from approximately 1985 through 2013.

28.     Plaintiff, Robert Malone, is an adult individual residing at 204 Sandy Cove, Tinton Falls, New Jersey, who was employed by the City of Kearny Fire Department from approximately 1961 through 1993.

29.     Plaintiff, Steven Moncur, is an adult individual residing at 46 School Street, Clark, New Jersey, who has been employed by the Linden Fire Department since approximately 1992.

30.     Plaintiff, Philip A. Morris, is an adult individual residing at 193 Gordon Corner Road, Manalapan, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1971 through 2007.

31.     Plaintiff, Edward J. Nicholson, Jr., is an adult individual residing at 50 Schwin Drive, Clark, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1969 through 1991.

32.     Plaintiff, Richard Oris, is an adult individual residing at 42 Tobago Avenue, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1973 through 2005.

33.     Plaintiff, John S. Rice, is an adult individual residing at 445 Birchwood Road, Linden, New Jersey who was employed by the City of Elizabeth Fire Department from approximately 1957 through 1994.

34.    Plaintiff, Michael Sabol, is an adult individual residing at 79 Broadway, Bayonne, New Jersey who was employed by the City of Bayonne Fire Department from approximately 1973 through 1996.

35.    Plaintiff, John L. Tanzer, is an adult individual residing at 166 North Lehigh Avenue, Cranford, New Jersey who was employed by the Cranford Fire Department from approximately 1956 through 1987.

36.    Plaintiff, Robert J. Taormina, is an adult individual residing at 555 Brandon Place, Cliffside Park, New Jersey who was employed by the West New York Fire Department from approximately 1974 through 1999.

37.    Plaintiff, Juan Tapia, is an adult individual residing at 44 Wilder Street, Hillside, New Jersey, who has been employed by the City of Elizabeth Fire Department since approximately 1982.

38.    Plaintiff, Kenneth Trapp, is an adult individual residing at 323 Palisade Avenue, Cliffside, New Jersey who was employed by the West New York Fire Department from approximately 1965 through 1995.

39.    Plaintiff, Robert Yankevicz, is an adult individual residing at 46 Brandywine Rise, Green Brook, New Jersey, who was employed by the City of Elizabeth Fire Department from approximately 1962 through 1996.

40.    Defendant American LaFrance, LLC, d/b/a/ American LaFrance-LTI and/or American LaFrance Aerials (hereinafter jointly ALF) is a corporation organized and existing under the laws of the State of Delaware that maintains a principal place of business located at 64 Cocalico Creek Road, Ephrata, Pennsylvania.

41.    Defendant ALF is a foreign company conducting business in the State of New

6

Jersey.

42.     Defendant ALF conducts significant business in the State of New Jersey.

43.     Defendant ALF is organized, existing and/or doing business in the State of New Jersey, pursuant to the laws of New Jersey.

44.     At all times mentioned herein, defendant ALF transacted business within the State of New Jersey or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey, and/or derived substantial revenue from interstate commerce.

45.     At all times mentioned herein, defendant ALF knew or should have reasonably known that its acts and business activities would have consequences within the State of New Jersey.

46.     Defendant ALF was, at all times relevant hereto, engaged in the business of designing, manufacturing, distributing, marketing and selling fire apparatuses and other emergency vehicles.

47.     At all times relevant hereto, defendant ALF regularly and continuously did business in the State of New Jersey by selling and distributing its products to fire departments and fire companies throughout the State of New Jersey.

48.     Defendant ALF manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

49.     Defendant Kovatch Mobile Equipment Corporation (hereinafter KME) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

50.     Defendant KME is a foreign corporation duly authorized to conduct business in

the State of New Jersey.

51.     Defendant KME is a corporation doing significant business in the State of New Jersey.

52.     Defendant KME is organized, existing and/or doing business in the State of New Jersey, pursuant to the laws of New Jersey.

53.     At all times mentioned herein, defendant KME transacted business within the State of New Jersey or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey, and/or derived substantial revenue from interstate commerce.

54.     At all times mentioned herein, defendant KME, knew or should have reasonably known that its acts and business activities would have consequences within the State of New Jersey.

55.     Defendant KME was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

56.     At all times relevant hereto, defendant KME regularly and continuously did business in the State of New Jersey by selling and distributing its products to fire departments and fire companies throughout the State of New Jersey.

57.     Defendant KME manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

58.     Defendant Seagrave Fire Apparatus, LLC (hereinafter Seagrave) is a company organized and existing under the laws of the State of Delaware.

59.     Defendant Seagrave is a foreign company duly authorized to conduct business in

the State of New Jersey.

60.     Defendant Seagrave is a company doing significant business in the State of New Jersey.

61.     Defendant Seagrave is organized, existing and/or doing business in the State of New Jersey, pursuant to the laws of New Jersey.

62.     At all times mentioned herein, defendant Seagrave, transacted business within the State of New Jersey or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey, and/or derived substantial revenue from interstate commerce.

63.     At all times mentioned herein, defendant Seagrave, knew or should have reasonably known that its acts and business activities would have consequences within the State of New Jersey.

64.     Defendant Seagrave was, at all times relevant hereto, engaged in the business of designing, manufacturing, distributing, marketing and selling fire apparatus and other emergency vehicles.

65.     At all times relevant hereto, defendant Seagrave regularly and continuously did business in the State of New Jersey by selling and distributing its products to fire departments and fire companies throughout the State of New Jersey.

66.     Defendant Seagrave manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had Defendant Federal Signal's sirens incorporated into the apparatuses.

67.     Defendant Mack Trucks, Inc. (hereinafter Mack) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

68.     Defendant Mack is a foreign corporation duly authorized to conduct business in the State of New Jersey.

69.     Defendant Mack is a corporation doing significant business in the State of New Jersey.

70.     Defendant Mack is organized, existing and/or doing business in the State of New Jersey, pursuant to the laws of New Jersey.

71.     At all times mentioned herein, defendant Mack, transacted business within the State of New Jersey or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey, and/or derived substantial revenue from interstate commerce.

72.     At all times mentioned herein, defendant Mack, knew or should have reasonably known that its acts and business activities would have consequences within the State of New Jersey.

73.     Defendant Mack was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

74.     At all times relevant hereto, defendant Mack regularly and continuously did business in the State of New Jersey by selling and distributing its products to fire departments and fire companies throughout the State of New Jersey.

75.     Defendant Mack manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had Defendant Federal Signal's sirens incorporated into the apparatuses.

76.     Defendant Pierce Manufacturing, Inc. (hereinafter Pierce) is a corporation organized and existing under the laws of the State of Wisconsin.

10

77.     Defendant Pierce is a foreign corporation duly authorized to conduct business in the State of New Jersey.

78.     Defendant Pierce is a corporation doing significant business in the State of New Jersey.

79.     Defendant Pierce is organized, existing and/or doing business in the State of New Jersey, pursuant to the laws of New Jersey.

80.     That at all times mentioned herein, defendant Pierce, transacted business within the State of New Jersey or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey, and/or derived substantial revenue from interstate commerce.

81.     That at all times mentioned herein, defendant Pierce, knew or should have reasonably known that its acts and business activities would have consequences within the State of New Jersey.

82.     Defendant Pierce was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

83.     At all times relevant hereto, defendant Pierce regularly and continuously did business in the State of New Jersey by selling and distributing its products to fire departments and fire companies throughout the State of New Jersey.

84.     Defendant Pierce manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

85.     Defendant, Federal Signal Corporation (hereinafter Federal Signal), is a corporation that, upon information and belief, is organized and existing under the laws of the

State of Delaware.

86.    Defendant Federal Signal is a foreign corporation duly authorized to conduct business in the State of New Jersey.

87.    Defendant Federal Signal is a corporation doing significant business in the State of New Jersey.

88.    Defendant Federal Signal is organized, existing and/or doing business in the State of New Jersey, pursuant to the laws of New Jersey.

89.    At all times mentioned herein, defendant Federal Signal, transacted business within the State of New Jersey or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey, and/or derived substantial revenue from interstate commerce.

90.    At all times mentioned herein, defendant Federal Signal, knew or should have reasonably known that its acts and business activities would have consequences within the State of New Jersey.

91.    Defendant Federal Signal was, at all times relevant hereto, engaged in the business of designing, manufacturing, distributing marketing and selling sirens.

92.    At all times relevant hereto, defendant Federal Signal regularly and continuously did business in the State of New Jersey by selling and distributing sirens for use in fire apparatus, including but not limited to, pump trucks, ladder trucks, paramedic vehicles, hook and ladders and other vehicles used by fire departments and fire companies throughout the State of New Jersey.

93.    Specifically, defendant Federal Signal has designed and marketed the "Q-Siren" for use on fire trucks.

12

94.     Defendant Federal Signal has also designed and marketed the "e-Q2B" and various other sirens for use on fire trucks.

95.     Plaintiffs are entitled to relief from defendant under the above facts.

## COUNT I - NEW JERSEY PRODUCTS LIABILITY ACT (ALF, KME, MACK, PIERCE & SEAGRAVE)

### A. Defective Design, Manufacture and Inadequate Testing

96.     Plaintiffs incorporate by reference herein paragraphs 1 through 91 as if set forth at length.

97.     At all times relevant herein, Defendants placed the Product into the stream of commerce with disregard for the public safety in that no adequate testing or other reasonable steps were taken to assure their products were safe and/or efficacious for their intended purpose. Insofar as the Product could not be used safely without the unreasonable risk of harm, the Product was ineffective for the purpose for which its use was promoted.

98.     Defendants were the designers, manufacturers and/or suppliers of the Product and are strictly liable to Plaintiffs for designing, manufacturing, distributing, marketing, selling and placing it into the stream of commerce.

99.     The sirens and vehicles upon which they were mounted, manufactured, designed, marketed and/or supplied by Defendants, were defective in design, manufacture or formulation in that when they left Defendants' control, the harm of said products outweighed any benefit derived therefrom, which rendered them inherently dangerous and/or defective, thereby causing serious harm to the Plaintiffs.

100.    The sirens and vehicles designed, marketed, manufactured and/or supplied by Defendants, were defective in design or formulation in that when they left Defendants' control,

the foreseeable risks exceeded the benefits associated with the design or formulation.

101.    The sirens and vehicles as designed, marketed, manufactured and/or supplied by Defendants, were defective due to inadequate pre-market and post-market testing.

102.    At all times relevant hereto, Defendants encouraged the use of their Products as superior to other such devices or vehicles, despite their failure to test or otherwise determine the safety and efficacy of such use.  As a direct and proximate result of the Defendants' widespread promotional activity, fire departments and rescue squads began commonly purchasing and using these Products as a safe and effective alternative to other available sirens and vehicles, despite the potential for serious and permanent injuries by their use and the availability of other products without such risks.

103.    As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiffs suffered profound injuries that are permanent and continuing in nature; required and will require medical treatment and hospitalization; have become and will become liable for medical and hospital expenses; lost and will lose financial gains; has been and will be kept from ordinary activities and duties and will continue to experience physical and mental pain and suffering, all of which damages will continue in the future.

104.    Alternatively, the Product that was manufactured, marketed, supplied and/or sold by Defendants and used by the Plaintiffs as intended were defective in design, manufacture or formulation in that when it left the hands of the manufacturer and/or supplier/seller, they was unreasonably dangerous, and/or was more dangerous that an ordinary consumer would expect and more dangerous than other similar devices.

14

105.    Defendants improperly, negligently falsely and deceptively misrepresented or knowingly omitted, suppressed, or concealed facts of such materiality regarding the safety and efficacy of the Product to Plaintiffs and their employers such that had they known of such facts, the Product would have never been approved, purchased or used, precluding the exposure that harmed the Plaintiffs

106.    Defendants improperly, negligently falsely and deceptively misrepresented or knowingly omitted, suppressed, or concealed facts of such materiality regarding the safety and efficacy of the sirens and vehicles upon which they were mounted to and/or from consumers and the Plaintiffs, including failure to provide proper and adequate warnings and instructions for use that accompanied the Product.

107.    The apparatuses and/or vehicles manufactured, marketed, distributed and/or sold by Defendants were in a defective condition in one or more of the following aspects:

    (a)    The vehicles were not designed with a fully enclosed crew cab thereby inviting excessive noise to infiltrate the crew compartment;

    (b)    The crew compartments of the vehicles lacked sufficient sound insulation or other noise dampening measures that would lower the intense noise produced by Federal Signal's sirens to a level that was not dangerous to the firefighters who rode aboard their products.

    (c)    The placement and mounting of the sirens on the apparatuses failed to minimize and/or contributed to the infiltration of excess sound from the sirens into the crew compartment.

    (d)    The defendants failed to test their various apparatuses to determine if the sound levels in the crew compartments were within industry and governmental standards.

    (e)    The defendants new or should have known that a feasible alternative design to the Federal "Q" siren existed by way of the addition of the Compliance Technologies' shroud.

108.    Said defects existed at the time the products left the manufacturers.

109.    Repeated exposure over a period of time to the noise emitted by Federal Signal's

sirens, on the various apparatus and/or vehicles manufactured by the defendants and used by plaintiffs, has directly and proximately caused permanent, irreversible hearing loss to Plaintiffs who are consumers and end users of defendants' products.

110.    As a result of the injuries sustained by Plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

111.    Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

112.    Defendants are strictly liable to Plaintiffs for their hearing loss.

**B.  Failure to Warn**

127.    At all relevant times hereto, Defendants knew and in fact advertised and promoted the Product as a safe method of warning and alerting the public of the approach of emergency vehicles without adequate testing for either safety or efficacy and after it knew or reasonably should have known that the Product suffered from a design and/or manufacturing flaw.

128.    Despite the fact that evidence existed that the use of the Product was dangerous and likely to place users at serious risk to their health, Defendants failed to disclose and warn of the health hazards and risks associated with the Products and in fact, acted to deceive the emergency responder community and public at large, including all potential users of the Product by promoting it as  safe and effective when, in fact, it was unsafe and alternative and safer methods and products existed.

129.    The Product designed, marketed, manufactured and/or supplied by Defendants was defective due to inadequate warnings or instructions because Defendants knew or should have known that the Product created, among other things, a higher risk of hearing loss than the

other sirens as previously set forth and the Defendants failed to adequately warn of said risks and the severity of such adverse effects, resulting in harm to the Plaintiffs, as set forth, herein.

130.    The Defendants failed to warn emergency responders, including the Plaintiffs, of the aforementioned dangers and any precautions.

131.    As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiffs suffered profound injuries which are permanent and continuing in nature; required and will require medical treatment and hospitalization; has become and will become liable for medical and hospital expenses; lost and will lose financial gains; has been and will be kept from ordinary activities and duties and will continue to experience physical and mental pain and suffering, all of which damages will continue in the future.

**C.     Breach Of Implied Warranty**

132.    At all relevant times herein, Defendants marketed, manufactured, promoted, distributed and/or sold the Product for use by emergency responders including Plaintiff.s Defendants knew the use for which its product was intended and impliedly warranted said products to be of merchantable quality, safe and fit for its intended use.

133.    The Plaintiffs reasonably relied on the Defendants' implied warranty in using and agreeing to receive the aforementioned Product.  This Product was not of merchantable quality nor safe or fit for its intended use, because said product was unreasonably dangerous and unfit for the ordinary purpose for which it were intended to be used.

134.    As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiffs suffered profound injuries that are permanent and continuing in nature; required and will require medical treatment and hospitalization; has become and will become liable for medical and hospital expenses; lost and will lose financial gains; has

been and will be kept from ordinary activities and duties and will continue to experience mental and physical pain and suffering, all of which damages will continue in the future.

WHEREFORE, plaintiffs, individually, demand judgment against defendants American LaFrance, Kovatch Mobile Equipment Corporation, Seagrave Fire Apparatus, LLC, Mack Truck and Pierce Manufacturing, together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE - ALF, KME, MACK, PIERCE & SEAGRAVE

135.   Plaintiffs incorporate by reference herein paragraphs 1 through 134 as if set forth at length.

136.   Defendants are under a duty to manufacture, market, promote, distribute, sell vehicles with adequate insulation or sound dampening and to use reasonable care to avoid inflicting physical harm or injury to the consumer or end user of its products such as the plaintiffs.

137.   Defendants breached their duty to the plaintiffs in that:

(a)   Defendants knew or should have known that the products it manufactured, marketed, advertised, promoted, distributed and sold were inherently dangerous, defective and hazardous to human hearing in that they allowed too much siren noise to infiltrate the crew areas;

(b)   Defendants failed to use reasonable care to test their products to determine if the noise levels in the crew areas, when sirens were in operation, was harmful to hearing;

(c)   Defendants failed to use reasonable care to design, test and develop crew cabs that would allow the use of a siren and still maintain adequate sound dampening so that the siren's noise did not harm the occupants;

(d)   Defendants failed to utilize after-market modifications to the Federal Signal "Q" siren, such as the Compliance Technology shroud, that would reduce rearward noise infiltration to the crew compartment and;

18

    (e)    Defendants failed to use reasonable care to render their products safe or to provide sufficient safeguards to allow the use of the sirens by plaintiffs.

138.    As a direct and proximate result of defendants' negligence, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by Federal Signal's products which infiltrated the crew areas of the defendants' apparatuses.

139.    As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

140.    Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs, individually, demand judgment in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), against defendants American LaFrance, Kovatch Mobile Equipment Corporation, Seagrave Fire Apparatus, LLC, Mack Truck and Pierce Manufacturing, together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

## COUNT III - STRICT LIABILITY - FEDERAL SIGNAL

141.    Plaintiffs incorporate by reference herein paragraphs 1 through 140 as if set forth at length.

142.    The sirens were manufactured, marketed, distributed and/or sold by defendant Federal Signal in a defective condition in that despite there being no industry requirement or practical need for the sirens to emit intense omni-directional noise at a pitch and decibel level which is unreasonably dangerous to the plaintiffs. The defects existed at the time the products left the manufacturer.

143.    In fact, Federal Signal was aware of products from other manufacturers, e.g. the

Compliance Technology shroud, which were purchased and installed by various fire departments that were specifically designed to reduce excess noise exposure to firefighters while maintaining the "Q" siren's compliance with all industry regulations.

144.   Repeated exposure over a period of time to the noise emitted by Federal Signal's sirens, on the various apparatus and/or vehicles used by plaintiffs has directly and proximately caused permanent, irreversible hearing loss to plaintiffs who are a consumer and end user of Defendant's products.

145.   As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

146.   Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

147.   Federal Signal is strictly liable to plaintiffs for their hearing loss.

WHEREFORE, plaintiffs, individually, demand judgment in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), against defendant Federal Signal Corp., together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

## COUNT IV - NEGLIGENCE - FEDERAL SIGNAL

148.   Plaintiffs incorporate by reference herein paragraphs 1 through 147 as if set forth at length.

149.   Defendant is under a duty to manufacture, market, promote, distribute, sell and install sirens on vehicles with reasonable care to avoid inflicting physical harm or injury to the consumer or end user of its products such as the plaintiffs.

150.   Defendant breached its duty to the plaintiffs in that:

(a) Defendant knew or should have known that the products it manufactured, marketed, advertised, promoted, installed, distributed and sold were inherently dangerous, defective and hazardous to human hearing;

(b) Defendant failed to use reasonable care to test its products to determine if the noise emitted when the products were in operation was harmful to hearing;

(c) Defendant failed to use reasonable care to design, test and develop sirens which were safe to human hearing;

(d) Defendant knew or should have know that there existed feasible alternative designs that were adoptable to the "Q" siren that would reduce the level of sound infiltrating the crew compartment of the trucks all the while maintaining the siren's compliance with all industry standards and;

(e) Defendant failed to use reasonable care to render its products safe or to provide sufficient safeguards for the use of the sirens by plaintiffs.

151.    As a direct and proximate result of Federal Signal's negligence, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by Federal Signal's products.

152.    As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

153.    Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs, individually, demand judgment in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), against defendant Federal Signal Corp., together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

WHEREFORE, plaintiffs request judgment against Defendants for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: New York, New York
       April 23, 2015

NAPOLI BERN RIPKA SHKOLNIK, LLP
*Attorneys for Plaintiffs*

Katherine E. Mayo, Esq.
NJ Attorney ID Number 096902013
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

# EXHIBIT B

Smith, Stratton
Wise, Heher & Brennan, LLP
2 Research Way
Princeton, New Jersey 08540
*Attorneys for Defendant Pierce Manufacturing Inc.*

---

|  |  |  |
|---|---|---|
| LUIS ALVAREZ, SANTO BARRACO, ARTHUR CAPONE, FRED G. CASSEL, KEITH J. CASTALDO, MICHAEL CONOSHENTI, FRANK CORNACCHIO, DENNIS COSTELLO, MICHAEL DICOSMO, GREGG HENNINGS, STEPHEN HESS, DANIEL P. HIGGINS, JAMES M. HIGGINS, JAMES P. HIGGINS, ALFREDO IRIZARRY, MICHAEL JEFFREY, FREDERICK JULIANO, JOSEPH LAMORTE, ROBERT LEWIS, STEVE MCCONLOGUE, BRIAN MCGOVERN, STEVEN MAFFEI, ROBERT MALONE, STEVEN MONCUR, PHILLIP MORRIS, EDWARD J. NICHOLSON, JR., RICHARD ORIS, JOHN S. RICE, MICHAEL SABOL, JOHN L. TANZER, ROBERT J. TAORMINA, JUAN TAPIA, KENNETH TRAPP, ROBERT YANKEVICZ, | : : : : : : : : : : : : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION UNION COUNTY<br><br>DOCKET NO. L-1574-15 |
| Plaintiffs, | : : | |
| vs. | : : | |
| AMERICAN LAFRANCE, LLC, d/b/a AMERICAN LAFRANCE-LTI and/or AMERICAN LAFRANCE AERIALS, FEDERAL SIGNAL CORP., KOVATCH MOBILE EQUIPMENT CORP., MACK TRUCKS, INC., PIERCE MANUFACTURING, INC., SEAGRAVE FIRE APPARATUS LLC, JOHN DOES 1-10, | : : : : : : : : : | |
| Defendants, | : | |

---

## KOVATCH MOBILE EQUIPMENT CORP.'S
## <u>CONSENT TO NOTICE OF REMOVAL</u>

Defendant Kovatch Mobile Equipment Corp. hereby consents to Defendant Pierce

Manufacturing Inc.'s removal of the above captioned cases to the District of New Jersey.

DATED:       November 30, 2015

_____
Morgan A. Sack, Esq.
*Attorney for Kovatch Mobile Equipment*
*Corp.*

2

# EXHIBIT C

Smith, Stratton
Wise, Heher & Brennan, LLP
2 Research Way
Princeton, New Jersey 08540
*Attorneys for Defendant Pierce Manufacturing Inc.*

---

| | |
|---|---|
| LUIS ALVAREZ, SANTO BARRACO, ARTHUR CAPONE, FRED G. CASSEL, KEITH J. CASTALDO, MICHAEL CONOSHENTI, FRANK CORNACCHIO, DENNIS COSTELLO, MICHAEL DICOSMO, GREGG HENNINGS, STEPHEN HESS, DANIEL P. HIGGINS, JAMES M. HIGGINS, JAMES P. HIGGINS, ALFREDO IRIZARRY, MICHAEL JEFFREY, FREDERICK JULIANO, JOSEPH LAMORTE, ROBERT LEWIS, STEVE MCCONLOGUE, BRIAN MCGOVERN, STEVEN MAFFEI, ROBERT MALONE, STEVEN MONCUR, PHILLIP MORRIS, EDWARD J. NICHOLSON, JR., RICHARD ORIS, JOHN S. RICE, MICHAEL SABOL, JOHN L. TANZER, ROBERT J. TAORMINA, JUAN TAPIA, KENNETH TRAPP, ROBERT YANKEVICZ,<br><br>   Plaintiffs,<br><br>vs.<br><br>AMERICAN LAFRANCE, LLC, d/b/a AMERICAN LAFRANCE-LTI and/or AMERICAN LAFRANCE AERIALS, FEDERAL SIGNAL CORP., KOVATCH MOBILE EQUIPMENT CORP., MACK TRUCKS, INC., PIERCE MANUFACTURING, INC., SEAGRAVE FIRE APPARATUS LLC, JOHN DOES 1-10,<br><br>   Defendants, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>UNION COUNTY<br><br>DOCKET NO. L-1574-15 |

## SEAGRAVE FIRE APPARATUS LLC'S
## <u>CONSENT TO NOTICE OF REMOVAL</u>

Defendant Seagrave Fire Apparatus LLC hereby consents to Defendant Pierce Manufacturing Inc.'s removal of the above captioned cases to the District of New Jersey.

DATED:      November 2 ל, 2015

Russell S. Massey, Esq.
*Attorney for Seagrave Fire Apparatus, LLC*

# EXHIBIT D

Smith, Stratton
Wise, Heher & Brennan, LLP
2 Research Way
Princeton, New Jersey 08540
*Attorneys for Defendant Pierce Manufacturing Inc.*

---

| | |
|---|---|
| LUIS ALVAREZ, SANTO BARRACO, ARTHUR CAPONE, FRED G. CASSEL, KEITH J. CASTALDO, MICHAEL CONOSHENTI, FRANK CORNACCHIO, DENNIS COSTELLO, MICHAEL DICOSMO, GREGG HENNINGS, STEPHEN HESS, DANIEL P. HIGGINS, JAMES M. HIGGINS, JAMES P. HIGGINS, ALFREDO IRIZARRY, MICHAEL JEFFREY, FREDERICK JULIANO, JOSEPH LAMORTE, ROBERT LEWIS, STEVE MCCONLOGUE, BRIAN MCGOVERN, STEVEN MAFFEI, ROBERT MALONE, STEVEN MONCUR, PHILLIP MORRIS, EDWARD J. NICHOLSON, JR., RICHARD ORIS, JOHN S. RICE, MICHAEL SABOL, JOHN L. TANZER, ROBERT J. TAORMINA, JUAN TAPIA, KENNETH TRAPP, ROBERT YANKEVICZ, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION UNION COUNTY  DOCKET NO. L-1574-15 |

Plaintiffs,

vs.

AMERICAN LAFRANCE, LLC, d/b/a
AMERICAN LAFRANCE-LTI and/or
AMERICAN LAFRANCE AERIALS,
FEDERAL SIGNAL CORP., KOVATCH
MOBILE EQUIPMENT CORP., MACK
TRUCKS, INC., PIERCE
MANUFACTURING, INC., SEAGRAVE
FIRE APPARATUS LLC, JOHN DOES 1-10,

Defendants,

---

## MACK TRUCKS, INC.'S
## <u>CONSENT TO NOTICE OF REMOVAL</u>

Defendant Mack Trucks, Inc. hereby consents to Defendant Pierce Manufacturing

Inc.'s removal of the above captioned cases to the District of New Jersey.

DATED:      December 4, 2015

Kevin McKeon (with consent)

Kevin M. McKeon
*Attorney for Mack Trucks, Inc.*

# EXHIBIT E

Smith, Stratton
Wise, Heher & Brennan, LLP
2 Research Way
Princeton, New Jersey 08540
*Attorneys for Defendant Pierce Manufacturing Inc.*

---

|  |  |
|---|---|
| LUIS ALVAREZ, SANTO BARRACO, ARTHUR CAPONE, FRED G. CASSEL, KEITH J. CASTALDO, MICHAEL CONOSHENTI, FRANK CORNACCHIO, DENNIS COSTELLO, MICHAEL DICOSMO, GREGG HENNINGS, STEPHEN HESS, DANIEL P. HIGGINS, JAMES M. HIGGINS, JAMES P. HIGGINS, ALFREDO IRIZARRY, MICHAEL JEFFREY, FREDERICK JULIANO, JOSEPH LAMORTE, ROBERT LEWIS, STEVE MCCONLOGUE, BRIAN MCGOVERN, STEVEN MAFFEI, ROBERT MALONE, STEVEN MONCUR, PHILLIP MORRIS, EDWARD J. NICHOLSON, JR., RICHARD ORIS, JOHN S. RICE, MICHAEL SABOL, JOHN L. TANZER, ROBERT J. TAORMINA, JUAN TAPIA, KENNETH TRAPP, ROBERT YANKEVICZ, : : : : : : : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION UNION COUNTY DOCKET NO. L-1574-15 |
| Plaintiffs, : : | |
| vs. : : | |
| AMERICAN LAFRANCE, LLC, d/b/a AMERICAN LAFRANCE-LTI and/or AMERICAN LAFRANCE AERIALS, FEDERAL SIGNAL CORP., KOVATCH MOBILE EQUIPMENT CORP., MACK TRUCKS, INC., PIERCE MANUFACTURING, INC., SEAGRAVE FIRE APPARATUS LLC, JOHN DOES 1-10, : : : : : : : : : : | |
| Defendants, : | |

---

## FEDERAL SIGNAL CORP.'S
## CONSENT TO NOTICE OF REMOVAL

Defendant   Federal   Signal   Corp.   hereby   consents   to   Defendant   Pierce

Manufacturing Inc.'s removal of the above captioned cases to the District of New Jersey.

DATED:       November 23, 2015

J. David Duffy, Esq.
Audrey Mense, Esq.
*Attorney for Federal Signal Corporation*

# EXHIBIT F

# Wisconsin Department of Financial Institutions
## Strengthening Wisconsin's Financial Future

Search for:

pierce manufacturing

Search
Advanced Search
Name Availability

[ Search Records ]

## Corporate Records

Result of lookup for **1P05236** (at 10/22/2014 9:38 AM )

# PIERCE MANUFACTURING INC.

You can: File an Annual Report - Request a Certificate of Status - File a Registered Agent/Office Update Form

### Vital Statistics

| | |
|---|---|
| **Entity ID** | 1P05236 |
| **Registered Effective Date** | 04/07/1917 |
| **Period of Existence** | PER |
| **Status** | Incorporated/Qualified/Registered   Request a Certificate of Status |
| **Status Date** | 04/07/1917 |
| **Entity Type** | Domestic Business |
| **Annual Report Requirements** | Business Corporations are required to file an Annual Report under s.180.1622 WI Statutes. |

### Addresses

| | |
|---|---|
| **Registered Agent Office** | C T CORPORATION SYSTEM<br>8020 EXCELSIOR DR. STE. 200<br>MADISON , WI 53717<br><br>File a Registered Agent/Office Update Form |
| **Principal Office** | 2600 AMERICAN DRIVE<br>APPLETON , WI 54915<br>UNITED STATES OF AMERICA |

### Historical Information

**Annual Reports**

| Year | Reel | Image | Filed By | Stored On |
|---|---|---|---|---|
| 2014 | 000 | 0000 | online | database |
| 2013 | 000 | 0000 | online | database |
| 2012 | 000 | 0000 | online | database |
| 2011 | 000 | 0000 | online | database |

PIERCE MANUFACTURING INC. (1P05236)                                          Page 2 of 3

| | | | | |
|---|---|---|---|---|
| 2010 | 000 | 0000 | online | database |
| 2009 | 000 | 0000 | online | database |
| 2008 | 000 | 0000 | online | database |
| 2007 | 000 | 0000 | online | database |
| 2006 | 000 | 0000 | online | database |
| 2005 | 000 | 0000 | online | database |
| 2004 | 000 | 0000 | online | database |
| 2003 | 000 | 0000 | online | database |
| 2002 | 000 | 0000 | online | database |
| 2001 | 009 | 2165 | paper | microfilm |
| 2000 | 011 | 0170 | paper | microfilm |
| 1999 | 010 | 1383 | paper | microfilm |
| 1998 | 009 | 1587 | paper | microfilm |
| 1997 | 010 | 0317 | paper | microfilm |
| 1996 | 009 | 1724 | paper | microfilm |
| 1995 | 011 | 0510 | paper | microfilm |
| 1994 | 011 | 1934 | paper | microfilm |

File an Annual Report - Order a Document Copy

**Certificates of Newly-elected Officers/Directors**

| Year | Reel | Image | Filed By | Stored On |
|---|---|---|---|---|
| 1998 | 151 | 0052 | paper | microfilm |
| 1996 | 151 | 0244 | paper | microfilm |
| 1981 | 160 | 0002 | paper | microfilm |
| 1980 | 151 | 0976 | paper | microfilm |

Order a Document Copy

**Old Names**

| Change Date | Name |
|---|---|
| Current | PIERCE MANUFACTURING INC. |
| 01/07/1969 | PIERCE AUTO BODY WORKS, INC. |
| 05/26/1960 | AUTO BODY WORKS |

**Chronology**

| Effective Date | Transaction | Filed Date | Description |
|---|---|---|---|
| 04/07/1917 | Incorporated/Qualified/Registered | 04/07/1917 | |
| 08/03/1917 | Amendment | 08/03/1917 | |
| 06/05/1920 | Amendment | 06/05/1920 | |
| 07/24/1953 | Change of Registered Agent | 07/24/1953 | |
| 05/26/1960 | Restated Articles | 05/26/1960 | NAME CHG |

- PIERCE MANUFACTURING INC. (1P05236)                                          Page 3 of 3

| 01/19/1968 | Amendment | 01/19/1968 | |
| 01/07/1969 | Amendment | 01/07/1969 | NAME CHG |
| 10/06/1980 | Restated Articles | 10/06/1980 | |
| 08/14/1987 | Restated Articles | 08/14/1987 | |
| 09/16/1987 | Merger (survivor) | 09/16/1987 | 1P025084 PIERCE ACQUISITION CORP |
| 11/08/1996 | Change of Registered Agent | 11/13/1996 | |
| 07/12/2002 | Change of Registered Agent | 07/12/2002 | FM16-E-Form |
| 09/30/2002 | Merger (survivor) | 09/30/2002 | 1O017071 (SUMMIT PERFORMANCE SYSTEMS, INC.) |
| 02/20/2003 | Change of Registered Agent | 02/26/2003 | |
| 07/01/2003 | Change of Registered Agent | 07/01/2003 | Bulk Filing-Image |
| 06/05/2006 | Change of Registered Agent | 06/05/2006 | FM16-E-Form |
| 03/15/2007 | Amendment | 03/16/2007 | |
| 10/18/2007 | Change of Registered Agent | 10/18/2007 | Bulk Filing |
| 06/25/2008 | Change of Registered Agent | 06/25/2008 | FM16-E-Form |
| 10/01/2011 | Merger (survivor) | 10/03/2011 | 01 A053265 (OSHKOSH SPECIALTY VEHICLES, INC.) |
| 10/01/2011 | Merger (survivor) | 10/03/2011 | UNL FGN CORP |
| 07/22/2014 | Change of Registered Agent | 07/22/2014 | Bulk Filing |

Order a Document Copy

# EXHIBIT G

Division of Corporations - Online Services

Delaware.gov  |  Text Only

Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

---

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent
Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws
Online
Name Reservation
Entity Search
Status
Validate
Certificate
Customer Service
Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and
Fees
Taxes
Expedited
Services
Service of Process
Registered Agents
Get Corporate
Status
Submitting a
Request  How to
Form a New
Business Entity
Certifications,
Apostilles &
Authentication of
Documents

Privacy Policy   Frequently Asked Questions   View Search Results

---

Entity Details

---

### THIS IS NOT A STATEMENT OF GOOD STANDING

| | | |
|---|---|---|
| File Number: | 4050375 | Incorporation Date / Formation Date: | 10/25/2005 (mm/dd/yyyy) |

| | |
|---|---|
| Entity Name: | AMERICAN LAFRANCE, LLC |

| | | | |
|---|---|---|---|
| Entity Kind: | LIMITED LIABILITY COMPANY (LLC) | Entity Type: | GENERAL |

| | | | |
|---|---|---|---|
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

Name:          **RESIGNED AGENT ACCOUNT**

Address:

City:                                      County:

State:                                     Postal Code:

Phone:

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ⊙ Status ⊙ Status,Tax & History Information   [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

# EXHIBIT H



## Corporations

Online Services | Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID
Verify
Verify Certification
Online Orders
Register for Online
Orders
Order Good Standing
Order Certified Documents
Order Business List
My Images
Search for Images

### Business Entity Filing History

**Date:** 10/22/2014   (Select the link above to view the Business
Entity's Filing History)

### Business Name History

| Name | Name Type |
|---|---|
| KOVATCH MOBILE EQUIPMENT CORP. | Current Name |

### Business Corporation - Domestic - Information

| | |
|---|---|
| **Entity Number:** | 320119 |
| **Status:** | Active |
| **Entity Creation Date:** | 10/24/1985 |
| **State of Business.:** | PA |
| **Registered Office Address:** | ONE INDUSTRIAL COMPLEX NESQUEHONING PA 18240-0 Carbon |
| **Mailing Address:** | No Address |

### Officers

| | |
|---|---|
| **Name:** | JOHN I KOVATCH |
| **Title:** | President |
| **Address:** | 1 INDUSTRIAL COMPLEX NESQUEHONING PA 18240-1420 |
| **Name:** | JOHN ZALESAK |
| **Title:** | Secretary |
| **Address:** | 1 INDUSTRIAL COMPLEX NESQUEHONING PA 18240-1420 |
| **Name:** | RICHARD T REAMAN |
| **Title:** | Treasurer |
| **Address:** | 1 INDUSTRIAL COMPLEX NESQUEHONING PA 18240-1420 |
| **Name:** | JOHN KOVATCH IV |
| **Title:** | Vice President |
| **Address:** | 1 INDUSTRIAL COMPLEX NESQUEHONING PA 18240-1420 |

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved
Privacy Policy | Security Policy

# EXHIBIT I

Division of Corporations - Online Services                                      Page 1 of 1

---

Delaware.gov | Text Only                    Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

---

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent
Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws
Online
Name Reservation
Entity Search
Status
Validate
Certificate
Customer Service
Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and
Fees
Taxes
Expedited
Services
Service of Process
Registered Agents
Get Corporate
Status
Submitting a
Request  How to
Form a New
Business Entity
Certifications,
Apostilles &
Authentication of
Documents

Privacy Policy   Frequently Asked Questions   View Search Results

---

### Entity Details

---

#### THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 3648886 | Incorporation Date / Formation Date: | 04/17/2003 (mm/dd/yyyy) |
| Entity Name: | SEAGRAVE FIRE APPARATUS, LLC | | |
| Entity Kind: | LIMITED LIABILITY COMPANY (LLC) | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19801 |
| Phone: | (302)658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map   |   about this site   |   contact us   |   translate   |   delaware.gov

# EXHIBIT J



## Corporations

Online Services | Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID
Verify
Verify Certification
Online Orders
Register for Online
Orders
Order Good Standing
Order Certified Documents
Order Business List
My Images
Search for Images

**Date:** 10/22/2014

### Business Entity Filing History
(Select the link above to view the Business
Entity's Filing History)

### Business Name History

| Name | Name Type |
|------|-----------|
| MACK TRUCKS, INC. | Current Name |
| HERODO TRUCKS, INC. | Prior Name |

### Business Corporation - Domestic - Information

| | |
|---|---|
| **Entity Number:** | 608244 |
| **Status:** | Active |
| **Entity Creation Date:** | 12/10/1974 |
| **State of Business.:** | PA |
| **Registered Office Address:** | 2402 Lehigh Pkwy. South |
| | Allentown PA 18103 |
| | Lehigh |
| **Mailing Address:** | No Address |

### Officers

| | | |
|---|---|---|
| **Name:** | DENNIS SLAGEL |
| **Title:** | President |
| **Address:** | 7900 NATIONAL SERVICE RD |
| | GREENSBORO NC 27409-9416 |

| | |
|---|---|
| **Name:** | THERENCE PICKETT |
| **Title:** | Secretary |
| **Address:** | 7900 NATIONAL SERVICE RD |
| | GREENSBORO NC 27409-9416 |

| | |
|---|---|
| **Name:** | STEPHEN POLZER |
| **Title:** | Treasurer |
| **Address:** | 7900 NATIONAL SERVICE RD |
| | GREENSBORO NC 27409-9416 |

| | |
|---|---|
| **Name:** | KENNETH TROLLE |
| **Title:** | Vice President |
| **Address:** | 7900 NATIONAL SERVICE RD |
| | GREENSBORO NC 27409-9416 |

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved
Privacy Policy | Security Policy

# EXHIBIT K

Delaware.gov | Text Only                    Governor | General Assembly | Courts | Elected Officials | State Agencies

## Department of State: Division of Corporations

Privacy Policy   Frequently Asked Questions   View Search Results

### Entity Details

#### THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 0701203 | Incorporation Date / Formation Date: | 01/31/1969 (mm/dd/yyyy) |

| | |
|---|---|
| Entity Name: | **FEDERAL SIGNAL CORPORATION** |
| Entity Kind: | **CORPORATION** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Name: | **NATIONAL REGISTERED AGENTS, INC.** |
| Address: | **160 GREENTREE DR STE 101** |
| City: | **DOVER** | County: | **KENT** |
| State: | **DE** | Postal Code: | **19904** |
| Phone: | **(302)674-4089** |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

HOME
About Agency
Secretary's Letter
Newsroom
Frequent
Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws
Online
Name Reservation
Entity Search
Status
Validate
Certificate
Customer Service
Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and
Fees
Taxes
Expedited
Services
Service of Process
Registered Agents
Get Corporate
Status
Submitting a
Request  How to
Form a New
Business Entity
Certifications,
Apostilles &
Authentication of
Documents