NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS ALVAREZ, SANTO BARRACO, ARTHUR CAPONE, FRED G. CASSEL, KEITH J. CASTALDO, MICHAEL CONOSHENTI, FRANK CORNACCHIO, DENNIS COSTELLO, MICHAEL DICOSMO, GREGG HENNINGS, STEPHEN HESS, DANIEL P. HIGGINS, JAMES M. HIGGINS, JAMES P. HIGGINS, ALFREDO IRIZARRY, MICHAEL JEFFREY, FREDERICK JULIANO, JOSEPH LAMORTE, ROBERT LEWIS, STEVE MCCONLOGUE, BRIAN MCGOVERN, STEVEN MAFFEI, ROBERT MALONE, STEVEN MONCUR, PHILLIP MORRIS, EDWARD J. NICHOLSON, JR., RICHARD ORIZ, JOHN S. RICE, MICHAEL SABOL, JOHN L. TANZER, ROBERT J. TAORMINA, JUAN TAPIA, KENNETH TRAPP, ROBERT YANKEVICZ, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN LAFRANCE, LLC, d/b/a AMERICAN LAFRANCE-LTI and/or AMERICAN LAFRANCE AERIALS, KOVATCH MOBIL EQUIPMENT CORP., SEAGRAVE FIRE APPARATUS, LLC, MACK TRUCKS, INC., PIERCE MANUFACTURING, INC., and FEDERAL SIGNAL CORPORATION, <br><br> Defendants. | Action No. 2:15-cv-8446 (KSH)(CLW) <br><br> **OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' motion for sanctions against Defendant Federal Signal Corporation ("Defendant" or "Federal Signal") in this products liability case. Plaintiffs seek to revoke the *pro hac vice* admission of Defendant's counsel, Ms. Audrey

Mense, as well as all members of the law firm Thompson Coburn who are currently representing Federal Signal in this action. Defendant opposes the motion. The Court declined to hear oral argument pursuant to Rule 78 and, for the reasons set forth below, the Court denies Plaintiffs' motion.

Plaintiffs are New Jersey firefighters, including several from the City of Elizabeth Fire Department, who allege that their hearing has been impaired by intense noise emitted from sirens that were manufactured by Defendant. (Notice of Removal, ECF No. 1 at 2.[1]) Specifically, Plaintiffs' allegations against Defendant stem from the latter's "designing, manufacturing and distributing defective fire engine sirens, the use of which by the Plaintiffs resulted in the degradation of their hearing." (Pl. Mem., ECF No. 51-1 at 1.) On May 4, 2015, Plaintiffs filed a complaint against Defendant, as well as several other defendants, in the Superior Court of New Jersey, Union County. (Notice of Removal, ECF No. 1.) On December 4, 2015, Defendant Pierce Manufacturing, Inc., removed the matter to the United States District Court for the District of New Jersey. (*Id.*) On May 18, 2016, the case was dismissed by this Court against all defendants except for Federal Signal. (Order of Partial Dismissal, ECF No. 36.)

Defense counsel Audrey Mense, admitted *pro hac vice* from the law firm Thompson Coburn, as well as local counsel McCarter & English, LLP, currently represents Federal Signal in this matter. (Notice of Pl. Mot., ECF No. 51 at 2; Consent Order, ECF No. 21.) There are a series of similar suits brought by firefighters nationwide against Federal Signal, and Thompson Coburn is the national counsel and lead trial counsel in those cases as well. (Pl. Mem., ECF No. 51-1 at 2.) In support of their motion, Plaintiffs submit evidence of an email Ms. Mense sent to counsel for the Elizabeth Fire Department, Robert Varady of La Corte, Bundy, Varady, & Kinsella. (*Id.*,

---

[1] References use page numbers assigned by CM/ECF.

Email Correspondence, Ex. 4, ECF No. 51-3 at 14.) Ms. Mense was having difficulty scheduling the 30(b)(6) deposition of a representative for the Fire Department, which is not a party to this action, and wrote in an email to Mr. Varady on March 8, 2017: "And to the extent the fire department would like to avoid this deposition, they can tell the remaining Elizabeth plaintiffs to dismiss their claims. Barring from that, we have to move forward. Please advise." (*Id*.; Def. Opp., Email Correspondence, Ex. N, ECF No. 52-1 at 48.) Mr. Varady responded: "As to your suggestion about contacting the Elizabeth plaintiffs hopefully that is said with tongue in cheek." (Def. Opp., Email Correspondence, Ex. N, ECF No. 52-1 at 48.)

In support of their motion, Plaintiffs cite *Chambers v. Nasco, Inc.,* 501 U.S. 32, 111 (1991) as establishing the inherent authority of the Court to issue sanctions in this matter. Plaintiffs also emphasize the email correspondence between Ms. Mense and Mr. Varady. (Pl. Mem., Email Correspondence, ECF No. 51-3, Ex. 4.) Specifically, Plaintiffs argue that Ms. Mense's statements were an attempt at "coercing its current and former employees into dismissing product liability claims against her client, Federal Signal Corporation." (Pl. Mem., ECF No. 51-1 at 1.) Plaintiffs contend that the statements Ms. Mense made in her email are sanctionable as a *quid pro quo* violation of Rules 3.4(b), 8.4(d), and 5.1 of the Rules of Professional Conduct ("RPC") of the American Bar Association. (Notice of Pl. Mot., ECF No. 51 at 3.) Furthermore, Plaintiffs allege that Ms. Mense's actions are "part of a concerted and systematic attempt to stymie and vex firefighters[.]" (*Id.* at 4.) To support this contention, Plaintiffs cite a similar case from 2006 where Thompson Coburn represented Federal Signal, and the Court granted sanctions against the attorney on the case for spoliation of evidence. (*Id.*)

In opposition, Defendant maintains that Plaintiffs' accusations against Ms. Mense are without merit. (Def. Opp., ECF No. 52 at 11.) Defendant argues that Ms. Mense's statement did

not violate Rule 3.4(b) because "[c]ase law interpreting this rule indicates that it is designed to prohibit a lawyer from paying witnesses for testimony," and Defendant maintains that Ms. Mense's statement "does not offer anything of value to a witness in exchange for testimony." (*Id.* at 9.) Defendant also argues that Plaintiffs do not meet their burden of proof, but merely provide conclusory allegations that cannot warrant the imposition of sanctions. (*Id.* at 10.)

Pursuant to Local Civil Rule 103.1(a), issues related to professional ethics are governed by the Rules of Professional Conduct ("RPC") of the American Bar Association, as revised by the New Jersey Supreme Court. *Cavallaro v. Jamco Prop. Mgmt.,* 334 N.J., Super. 557, 572 (App. Div. 2000); *see also United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). "[A] district court has inherent authority to impose sanctions upon those who would abuse the judicial process." *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-44 (1991)); *Saldana v. Kmart Corp.,* 260 F.3d 228, 237-38 (3d Cir. 2001) (summarizing history of inherent authority). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Westinghouse,* 43 F.3d at 74 (quoting *Chambers,* 501 U.S. at 44) (internal quotations omitted). Thus, the Court "must ensure that there is an adequate factual predicate" for employing its inherent powers "and must also ensure that the sanction is tailored to address the harm identified." *Westinghouse,* 43 F.3d at 74. Disqualification is "a harsh remedy which must be used sparingly." *Cavallaro,* 334 N.J., Super. at 572. "While it is indeed true that admission *pro hac vice* is a privilege, not a right, revocation of that privilege, once bestowed, sends a strong message which works a lasting hardship on an attorney's reputation." *Mruz v. Caring, Inc.*, 166 F.Supp.2d 61, 70 (D.N.J. 2001) (citation omitted). To prevail on a motion to disqualify counsel, the movant bears the burden of establishing that a

RPC was violated. *Wisehart v. Wisehart*, No. 15-2768, 2015 WL 9480018 at *2 (D.N.J. Dec. 29, 2015).

In addition, under Rule 3.4(b), Fairness to Opposing Party and Counsel, a lawyer shall not offer an inducement to a witness that is prohibited by law. Next, according to Rule 8.4(d), Misconduct, it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Lastly, under Rule 5.1, Responsibilities of Partners, Supervisory Lawyers, and Law Firms, "[e]very law firm, government entity, and organization authorized by the Court Rules to practice law in this jurisdiction should make reasonable efforts to ensure that member lawyers […] conform to the Rules of Professional Conduct."

While the Court recognizes Plaintiffs' concern regarding the statements Ms. Mense made, Plaintiffs have not convincingly demonstrated through their motion and accompanying exhibits that Ms. Mense and Thompson Coburn should be sanctioned based on a *quid pro quo* violation of Rules 3.4(b), 8.4(d), and 5.1. Plaintiffs have not met their burden of establishing how each rule was violated; rather, they merely mention these rules in passing. *See Wisehart*, 2015 WL 9480018 *at* *3 (movant did not meet burden of establishing violation by merely mentioning the rule). The conduct here does not rise to the level of conduct for which sanctions have been formerly imposed. For example, a Court in this District previously declined to grant sanctions in a case where a Plaintiff's attorney "interrupted deponents' answers, initiated inappropriate arguments with counsel, accused his adversaries of purposefully evading the questions posed to them, called them liars, and shouted at witnesses and counsel[.]" *Mruz*, 166 F.Supp.2d at 68. In another decision, the Third Circuit reversed a District Court order granting sanctions against an attorney who cursed and used vulgar language in a deposition. *Saldana*, 260 F.3d at 228. In particular, the Circuit held that counsel's use of vulgar language, "did not rise to the level necessary to trigger sanctions, at

least under the district court's inherent powers," and it "did not occur in the presence of the Court and there is no evidence that it affected either the affairs of the Court or the 'orderly and expeditious disposition' of any cases before it." *Id*. at 238.

The Court discerns neither a pattern of offensive conduct nor prejudice, and though Ms. Mense's comment was ill advised, it was a singular statement within a series of correspondence that was ultimately inconsequential. This Court understands that Ms. Mense was frustrated at the difficulty in scheduling the deposition, and even though she is not subject to sanctions, she should exercise restraint in the future. Finally, Plaintiffs make a tenuous argument in highlighting Thompson Coburn's 2006 infraction that led to the imposition of sanctions on one of their attorneys, and allege that "Thompson Coburn has a clear history of improper behavior in this litigation." (Pl. Mem., ECF No. 51-1 at 3.) Plaintiffs thereby question what other "illicit acts have transpired that they are not aware of" within this litigation. (*Id.*) The Court finds these arguments unpersuasive on account of, for example, the considerable passage of time, the distinct cases and attorneys, and the absence of anything more than a speculative connection.

In consideration of the particular circumstances presented as well as the fact that the imposition of sanctions pursuant to the Court's inherent authority must be undertaken sparingly, the Court denies Plaintiffs' motion for sanctions.

**ACCORDINGLY, IT IS** on this 23rd day of June, 2017,

**ORDERED** that Plaintiffs' motion for sanctions (ECF No. 51) is **DENIED**; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 51.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**